# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARCHMONT PHARMACY, LLC;<br><br>KIMBERLY HUYNH;<br><br>and<br><br>$385,000.00 IN UNITED STATES CURRENCY,<br><br>Defendants. | Civil Action No. |

## STIPULATED ORDER AND CONSENT JUDGMENT

This Stipulated Order and Consent Judgment is entered into by and between the United States of America and Defendant Larchmont Pharmacy, LLC; Defendant Kimberly Huynh; Defendant $385,000.00 in United States Currency; and Vu Huynh (collectively, "the Parties").

## THE PARTIES

1. Plaintiff is the United States of America.

2. Defendant Larchmont Pharmacy, LLC is a New Jersey limited liability company. Larchmont was registered with the DEA as a pharmacy authorized to purchase and dispense Schedule II-V controlled substances at 200 Larchmont Boulevard #5, Mount Laurel, NJ. Larchmont Pharmacy, LLC no longer has a DEA pharmacy registration.

3. Defendant Kimberly Huynh is a citizen of the Commonwealth of New Jersey and resides in Mount Laurel, NJ. Huynh is a pharmacist licensed in Pennsylvania (RP043294L) and New Jersey (28RI02551500). Huynh was employed as a pharmacist and dispensed Schedule II-V controlled substances at Larchmont Pharmacy, LLC.

4. Defendant $385,000.00 in United States Currency is a substitute res for the following real property:

   a. ▇▇▇▇▇▇▇, Mount Laurel, New Jersey, which is jointly owned by Defendant Kimberly Huynh and Vu Huynh.

5. Defendants Larchmont Pharmacy, Kimberly Huynh, and $385,000 are collectively referred to as the "Defendants".

6. Vu Huynh is the spouse of Defendant Kimberly Huynh, part owner of ▇▇▇▇▇▇ Mount Laurel, New Jersey, and owner of Defendant Larchmont Pharmacy LLC.

## RECITALS

7. The United States filed a civil complaint against Defendants bringing civil claims for alleged violations of the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 843(f), 882(a), 829(a); 21 C.F.R. § 1306.04(a); and for forfeiture, 21 U.S.C. § 881(a)(6); 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), for violations of, *inter alia*, 21 U.S.C. § 841 and 18 U.S.C. §§ 1347 and 1956. (Doc. 1). In particular, the United States alleged that Larchmont and Huynh, between September 2016 to November 2018, knowingly and intentionally dispensed drugs that contained the Schedule II controlled substance oxycodone to a number of individuals from the Eastern District of Pennsylvania when presented with various "red flags" that suggested the prescriptions were not issued for a legitimate medical purpose by a registered prescriber in the usual course of professional practice, in violation of their corresponding responsibility to ensure that the controlled substances be dispensed for a legitimate medical purpose and in the usual course of professional practice, in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 and 842(a)(1); 21 C.F.R. §§ 1306.04, 1306.06, and that the Defendants deposited the proceeds from the sale of these controlled substance prescriptions into various bank accounts and

commingled the proceeds with other funds and assets and transferred the commingled proceeds to other bank accounts to conceal the source of the proceeds, and used the illegal proceeds and commingled proceeds to acquire real estate, in violation of 18 U.S.C. § 1956, as fully outlined in the complaint.

8. The conduct described in paragraph 7, as fully outlined in the complaint, is referred to as the "Covered Conduct."

9. Defendants and Vu Huynh agree to waive service of the complaint and summons and accept this Court's jurisdiction.

10. In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties reach a full and final settlement as set forth below.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

11. In satisfaction of Defendants' civil monetary penalty liability under the Controlled Substances Act, 21 U.S.C. § 842(a)(1), defendant Larchmont Pharmacy, LLC and defendant Kimberly Huynh consent to the entry of judgment against them and in favor of the United States of America in the amount of $385,000.00 (three hundred eighty five thousand dollars and zero cents), none of which is restitution ("the CSA settlement amount" or "CSA judgment debt"). Defendants shall satisfy the CSA settlement amount by fully satisfying their obligations of forfeiture outlined in paragraph 12.

12. Defendants and Vu Huynh consent to the forfeiture to the United States of $385,000.00 in United States currency, as a substitute res for the real property of ▌▌▌ Mount Laurel, New Jersey, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C.

3

§§ 981(a)(1)(A) and 981(a)(1)(C), none of which is restitution, on the following terms and conditions:

    a.    Defendants and Vu Huynh agree that ███████, Mount Laurel, New Jersey, is forfeitable pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), as proceeds traceable to moneys, negotiable instruments, securities, and other things of value furnished in exchange for controlled substances in violation of 21 U.S.C. § 841(a), property involved in, or property traceable to property involved in, transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and property that constitutes and is derived from proceeds traceable to violations of 18 U.S.C. § 1347.

    b.    Defendants agree to pay the United States $385,000.00 in United States currency (hereinafter "Forfeited Property"), as a substitute res for the real property of ███████, Mount Laurel, New Jersey.

    c.    Defendants shall wire the Forfeited Property to the U.S. Marshals Service no later than 150 days after the Parties' signing of this Stipulated Order and Consent Judgment, or the date that Defendant Kimberly Huynh is sentenced in her related federal criminal matter, whichever is earlier. The United States will provide the Defendants the wire instructions.

    d.    Defendants and Vu Huynh agree to forfeit their right, title and interest in the Forfeited Property, and to release all claims that they may have to the Forfeited Property.

e. As soon as practicable, the United States shall seek civil forfeiture of the Forfeited Property pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). Defendants and Vu Huynh will not oppose forfeiture of the Forfeited Property. In particular, Defendants and Vu Huynh shall not file any claims, answers, other responsive pleading, or petitions for remission against any civil complaint that the United States may file to forfeit the Forfeited Property. Defendants and Vu Huynh also agree that they shall not assist any other party in filing any claim or petition for remission asserting any interest in the Forfeited Property.

f. Defendants and Vu Huynh agree and understand that all right, title, and interest, including any right, title, and interest of the Defendants, Vu Huynh, and their corporations, officers, employees, partners, agents, and/or assigns, in the Forfeited Property is extinguished, and title to the Forfeited Property shall vest with the United States of America.

g. Defendants shall notify the United States Attorney's Office, in writing, within thirty days of any change of address until the Forfeited Property is completely forfeited by mailing the notice to the undersigned counsel at the United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

h. Defendants and Vu Huynh will execute all necessary documents to permit the United States to forfeit the Forfeited Property, under this agreement, and, to the extent practicable, agree to cooperate with the government in any proceeding involving possible third party claims filed against the

    Forfeited Property, including, but not limited to, forfeiting additional property equal in value to any funds claimed by third parties.

  i. Defendants and Vu Huynh hereby waive all time limits set forth in 18 U.S.C. § 983 and any claim to further notice of forfeiture.

  j. The Parties shall bear their respective attorneys' fees and costs, and Defendants and Vu Huynh specifically waive any claim for attorneys' fee and costs under 28 U.S.C. § 2465(b)(1)(A).

  k. If Defendants fail to wire the Forfeited Property to the U.S. Marshals Service within the agreed on deadline in paragraph 12.c., Defendants and Vu Huynh agree to the forfeiture of ▮▮▮▮▮▮▮▮, Mount Laurel, New Jersey under the terms and conditions set forth in paragraph 12 and this Stipulated Order and Consent Judgment.

13. Defendants shall be permanently prevented from distributing or dispensing any controlled substances, under any DEA registration, and Defendants shall never seek the renewal, reinstatement, or apply for a new controlled substance registration from the DEA.

## RELEASE OF CLAIMS

14. In consideration of full and timely performance of the obligations provided in the Stipulated Order and Consent Judgment, including full payment of the CSA settlement amount, the Forfeited Property, and the promises and representations in paragraph 13, and subject to the exceptions in paragraph 17 (concerning excluded claims) below, the United States releases and discharges Defendants from any civil monetary claim the United States has for the Covered Conduct under the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 829(a), and

the related regulations; and forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

15. The United States may record a judgment lien against any and all Defendants to secure payment of the consent judgment. The proceeds from the sale of any real estate in which Defendants have an interest may be used to satisfy a portion or all of the judgment.

16. Should Defendants fail to comply with the terms set forth above, any of the following may occur in the discretion of the United States:

    a. The balance of the judgment shall immediately become due and payable, and the United States may proceed with administrative and judicial remedies to enforce this Stipulated Order and Consent Judgment, including contempt remedies, upon notice to Defendants. Notice shall be sufficient upon mailing by first class mail, postage prepaid, to Defendants.

    b. The United States may declare this Stipulated Order and Consent Judgment violated and proceed against Defendants, either for enforcement of the Stipulated Order and Consent Judgment through the Court, or by seeking to litigate the Covered Conduct. Defendants agree not to plead, argue, or otherwise raise any defense under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that: (i) are filed by the United States within 30 calendar days of written notification to Defendants that the action will be initiated; and (ii) relate to the Covered Conduct, or enforce this Stipulated Order and Consent Judgment, except to the extent those defenses were

7

available on the date of the Court's entry of this Stipulated Order and Consent Judgment.

    c.    The United States may exercise any other right granted by law or recognizable at common law or equity; and

    d.    In the event the United States prevails in seeking to enforce any term of this Stipulated Order and Consent Judgment, the United States shall be entitled to an award of attorney fees and costs in its favor and against Defendants for the time spent in prosecuting such action, the hourly rate for which shall be calculated in accordance with the applicable Community Legal Services of Philadelphia Fee Schedule.

17.    Notwithstanding any term of this Stipulated Order and Consent Judgment, specifically reserved and excluded from the scope and terms of the releases herein as to any entity or person are the following:

    a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b.    Any criminal liability;

    c.    Except as explicitly stated in this Stipulated Order and Consent Judgment, any administrative liability to a federal agency, including mandatory or permissive exclusion from Federal health care programs;

    d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e.    Any liability based upon obligations that this Consent Order and Judgment creates; and

    f.    Any liability of any individuals other than Defendants;

18. Defendants waive and shall not assert any defenses that they may have to any criminal prosecution, administrative action, or civil complaint relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative or civil action.

**MISCELLANEOUS PROVISIONS**

19. Defendants have provided Financial Information to the United States, and the United States has relied on the accuracy and completeness of that Financial Information in reaching this Stipulated Order and Consent Judgment. Defendants warrant that the Financial Information is complete, truthful, and accurate. If the United States learns of any misrepresentation in the Financial Information, or of assets in which Defendants had an interest at the time of this Agreement that were not disclosed in the Financial Information, and if such nondisclosure or misrepresentation changes the stated net income set forth in the Financial Information by $50,000 or more or the value of the stated assets set forth in the Financial Information by 5% or more, the United States may at its option: (i) rescind this Stipulated Order and Consent Judgment and proceed against Defendants by filing suit based on the Covered Conduct, pursuant to paragraph 16.b., or (ii) let the Stipulated Order and Consent Judgment stand and collect the full CSA Settlement Amount and Forfeited Property discussed above plus one hundred percent (100%) of the value of the net income or assets that were previously not disclosed, pursuant to paragraph 16.a. Defendants agree not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such action, including attorney's fees and expenses.

20. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

21. This Stipulated Order and Consent Judgment is intended to be for the benefit of the United States and Defendants only. The United States and Defendants do not release any claims against any other person or entity.

22. The Parties shall bear their own costs and attorney fees in connection with this matter, except as provided in paragraph 16.d.

23. Defendants agree to the following:

    a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendants, in connection with:

        i. the matters covered by this Stipulated Order and Consent Judgment;

        ii. the United States' audit(s) and investigation(s) of the matters covered by this Agreement;

        iii. Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

iv. the negotiation and performance of this Agreement; and

v. the payment Defendants make to the United States pursuant to this Stipulated Order and Consent Judgment

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b. <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Defendants to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Defendants further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of

such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on Defendants or any of their subsidiaries or affiliates' cost reports, cost statements, or information reports.

    d.  Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

24.  Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulated Order and Consent Judgment. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

25.  This Stipulated Order and Consent Judgment shall bind Defendants' heirs, administrators, executors, successors, and transferees.

26. The agreements contained within this Stipulated Order and Consent Judgment constitute a complete description of the Parties' bargain. The Stipulated Order and Consent Judgment may not be amended without further order of the Court. Defendants acknowledge that they entered into this Stipulated Order and Consent Judgment voluntarily in order to avoid further litigation, without any degree of duress or compulsion, and upon advice of legal counsel.

27. Defendants agree that they waive and shall not seek payment for any of the health care billings covered by this Stipulated Order and Consent Judgment from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

28. All Parties consent to the United States' disclosure of this Stipulated Order and Consent Judgment, and information about this Stipulated Order and Consent Judgment, to the public.

29. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulated Order and Consent Judgment on behalf of the persons and entities indicated below.

30. The Parties agree that the terms of this Stipulated Order and Consent Judgment are in the public interest and fair, adequate, and reasonable under all the circumstances.

31. The Parties may execute this Stipulated Order and Consent Judgment in counterparts. Facsimiles of signatures shall be acceptable and binding.

32. All agreements contained within this Stipulated Order and Consent Judgment are contingent upon the Court's approval and entry on the case docket.

33. This Stipulated Order and Consent Judgment is governed by the laws of the United States. The United States District Court for the Eastern District of Pennsylvania shall

retain exclusive jurisdiction in this case to enforce the terms of this Stipulated Order and Consent Judgment. For purposes of construing this Stipulated Order and Consent Judgment, this Stipulated Order and Consent Judgment shall be deemed to have been drafted by all Parties to this Stipulated Order and Consent Judgment and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

Respectfully submitted,

*[signature]*
WILLIAM M. McSWAIN
United States Attorney

*[signature]*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

CHARLENE FULLMER
Digitally signed by CHARLENE FULLMER
Date: 2020.09.22 19:26:48 -04'00'
CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

*[signature]*
ANTHONY D. SCICCHITANO
Assistant United States Attorney
615 Chestnut St., Ste. 1250, Phila., PA
(215) 861-8380
anthony.scicchitano@usdoj.gov

JAMES HISCHAR
Digitally signed by JAMES HISCHAR
Date: 2020.08.10 11:09:39 -04'00'
JAMES HISCHAR
Diversion Program Manager
Drug Enforcement Administration
Philadelphia Field Division

Dated: October 8, 2020

*[signature]*
VU HUYNH for LARCHMONT PHARMACY, LLC and Individually

*[signature]*
KIMBERLY HUYNH

*[signature]*
ANNA DURBIN, ESQ.
Law Offices of Anna M. Durbin
50 Rittenhouse Place
Ardmore, PA 19003
(610) 649-8200
anna.durbin@verizon.net

Counsel for Defendants and Vu Huynh

Dated: July 21, 2020

APPROVED:

/s/ Hon. Jan E. DuBois
 DuBOIS, JAN E., J.

Dated: October 14, 2020

15